UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL SAUNDERS,

       Petitioner,                               Case Number 12-14140

v.                                                     Honorable David M. Lawson

J. S. WALTON,

       Respondent.

_____/

## OPINION AND ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Nathaniel Saunders, currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Saunders seeks relief from his federal criminal sentence. Because Saunders is challenging his sentence, the Court finds that he has improperly brought this action under section 2241 and therefore will dismiss the petition.

I.

Saunders was convicted of one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), following a jury trial in the United States District Court for the Northern District of Illinois. He was sentenced to 240 months in prison under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Seventh Circuit affirmed his conviction and sentence. *United States v. Saunders*, 359 F.3d 874 (7th Cir. 2004). Saunders states that he subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Northern District of Illinois, which was denied in 2006. He apparently did not appeal that decision.

II.

Saunders asserts that he is entitled to relief under 28 U.S.C. § 2241 due to (1) intervening changes in the law — *Begay v. United States*, 553 U.S. 137 (2008) (ruling that a conviction for driving under the influence is not a violent felony under the Armed Career Criminal Act), and *Chambers v. United States*, 555 U.S. 122 (2009) (ruling that the failure to report is not a violent felony under the Armed Career Criminal Act); and (2) his "actual innocence" with regard to the armed career criminal sentencing enhancement. He also argues that he is entitled to seek relief under section 2241 because his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.

Normally, the proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id*. at 758.

Saunders bears the burden of showing that the remedy afforded under section 2255 is inadequate or ineffective, and he has not done so. He asserts that section 2255 relief is inadequate or ineffective because (1) he relies upon an intervening change in statutory interpretation under *Begay* and *Chambers*, (2) he filed an unsuccessful motion with the trial court before those cases were decided, and (3) section 2255 only allows him to bring a second or successive motion based

upon new facts or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Saunders does not say whether he has asked permission to file a second motion under section 2255.

The fact that a prior motion to vacate a sentence failed does not suffice to show that the 2255 remedy is ineffective. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under section 2255 is not considered inadequate or ineffective simply because relief may be or has already been denied, because the petitioner is procedurally barred from pursuing further relief, or because the petitioner has been denied permission to file a second or successive motion. *Charles*, 180 F.3d at 756. Section 2255 allows a defendant to seek relief based upon a change in the law and allows a defendant to bring a second or successive motion under limited circumstances. The possibility that Saunders may not be able to satisfy the procedural requirements for doing so does not mean that he should be allowed to proceed under section 2241. *Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). Moreover, the Court notes that the Sixth Circuit has recently held that the Supreme Court's decision in *Begay* is a new substantive rule that applies retroactively. *Jones v. United States*, 689 F.3d 621, 624-25 (6th Cir. 2012). Apparently, the Seventh Circuit has not ruled definitively on the question *Welch v. United States*, 604 F.3d 414-15 (7th Cir. 2010).

The Sixth Circuit has so far found section 2255 to be an ineffective or inadequate remedy only where the petitioner has stated a facially valid claim for actual innocence. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.

2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "Actual innocence" means factual innocence, not mere legal insufficiency of the evidence supporting a conviction. *Bousley*, 523 U.S. at 624. Saunders has made no such showing. Moreover, his claim that he is "actually innocent" of his sentencing enhancement is insufficient to allow him to proceed under section 2241. *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012).

III.

Because Saunders has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, he is not entitled to habeas relief from his criminal sentence under 28 U.S.C. § 2241. Moreover, the Sixth Circuit has held that a district court should not *sua sponte* construe a 2241 petition as a 2255 motion to vacate sentence, because doing so could prejudice the petitioner's filing of any future 2255 motion due to the AEDPA limits on second or successive filings. *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Moreover, such a motion must be filed in the sentencing court. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). The Court therefore will dismiss the petition.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED without prejudice**.

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: October 15, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 15, 2012.

                                          s/Deborah R. Tofil
                                          DEBORAH R. TOFIL