UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL SAUNDERS,

        Petitioner,         Case Number 12-14140

v.         Honorable David M. Lawson

J. S. WALTON,

        Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Nathaniel Saunders, filed an application for the writ of habeas corpus, claiming that intervening changes in federal law and his "actual innocence" of a career criminal sentencing enhancement require that this Court set aside his federal criminal sentence. The Court found that the motion was improperly filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and that the petitioner must instead file a motion to vacate or correct sentence under 28 U.S.C. § 2255 in order to challenge his federal criminal sentence.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate

of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that the petitioner's claim for relief from his federal criminal sentence was improperly filed as a petition for the writ of habeas corpus and that reasonable jurists could not debate the correctness of the Court's decision. Therefore, the Court will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: October 15, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 15, 2012.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL